Christopher P. Birkle
Lovell Law Firm, P.C.
175 North 27th Street, Suite 1206
P.O. Box 1415
Billings, MT 59103
Phone: (406) 256-9300
Fax:    (406) 256-9301
I.D. Number: 8046

Attorneys for Plaintiff
South Seattle Auto Auction

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>INCREDIBLE AUTO SALES, LLC,<br><br>Debtor. | Case No. 06-60855<br><br>Adversary No. 06-00120 |
| MANHEIM SERVICES CORPORATION d/b/a SOUTH SEATTLE AUTO AUCTION,<br><br>Plaintiff,<br><br>INCREDIBLE AUTO SALES, LLC, and HYUNDAI MOTOR FINANCE COMPANY,<br><br>Defendant. | **MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

-------------------------------------------------------

COMES NOW Plaintiff, Manheim Services Corporation d/b/a South Seattle Auto Auction ("SSAA"), by and through its undersigned counsel, and pursuant to Federal Rules of Bankruptcy Procedure (F.R.Bank.P.) Rule 7055, Federal Rules of Civil

Procedure (F.R.Civ.P.) Rule 55(b)(2), and Local Bankruptcy Rule (L.B.R.) 7055-1(d), moves this Court for entry of default judgment against Defendant, Incredible Auto Sales, L.L.C. ("Incredible"). This motion is based upon the following:

## BRIEF IN SUPPORT

*1. Background.*

On October 23, 2006, SSAA filed its complaint seeking reclamation of ten vehicles ("Vehicles") pursuant to 11 U.S.C. § 546(c) and seeking an injunction to prohibit Incredible from selling, transferring or otherwise disposing of the Vehicles (Doc. No. 1). On October 26, 2006, the Court issued a temporary restraining order ("TRO") prohibiting Incredible from selling, transferring or otherwise disposing of the Vehicles (Doc. No. 4). The Court then approved the parties' stipulation that mirrored the Court's TRO without the need for a preliminary injunction (Doc. No. 13).

To prevent depreciation of the Vehicles as a result of the parties' stipulation, the Court directed the parties to liquidate the Vehicles and Auto Auction of Montana's vehicles. To that end, the Court granted SSAA and Hyundai Motor Finance Company's ("HMFC") joint motion re. liquidation of SSAA's vehicles in the main bankruptcy case (Doc. No. 122). All SSAA vehicles that were in the possession of Incredible have been liquidated, the proceeds of which are presently located in a separate escrow account, subject to the disposition of the instant adversary proceeding.

On October 27, 2006, SSAA filed a certificate of service indicating that its summons and complaint were served upon Incredible and its counsels of record via U.S. Mail on October 25, 2006. *See* Doc. No. 8; *see Affidavit of Christopher Birkle, attached to Application for Entry of Default (Doc. No. 18).* To date, Incredible has not filed a

motion or answer that dispute the allegations made in SSAA's complaint. *see Affidavit of Birkle.* The only party to have timely responded to SSAA's complaint is HMFC.

*2. Discussion.*

Pursuant to Rule 7055, F.R.Bank.P., Rule 55, F.R.Civ.P., applies in adversary proceedings. A party is in default when it is a party against whom a judgment for affirmative relief is sought, and that party fails to plead or otherwise defend. Rule 55(a), F.R.Civ.P. To date, Incredible has not responded either by motion or answer to SSAA's complaint. *See Affidavit of Birkle.* The thirty (30) days for Incredible to respond to SSAA's complaint has been expired for approximately seven (7) weeks. *See Affidavit of Birkle.*

On December 5, 2006, Incredible's counsel of record attended the Pre-Trial Scheduling Conference for this adversary proceeding in Butte, Montana. *See Affidavit of Birkle.* At that time, Incredible's position was that the instant adversary proceeding was essentially a dispute between SSAA and HMFC only, and Incredible has never denied any of the allegations within the SSAA's complaint. *See Affidavit of Birkle.* Since attending the scheduling conference, Incredible's position presumably has not changed since they have not filed a motion or answer in response to SSAA's complaint and has not contacted the undersigned for more time to respond. *See Affidavit of Birkle.*

Even if Incredible was not indifferent to this adversary proceeding, its failure to respond to SSAA's complaint within the thirty-day time period is deemed an admission that all allegations in its complaint are well taken.

## CONCLUSION

For the foregoing reasons, SSAA respectfully requests that the Court enter judgment against Incredible.

DATED this 16th day of January, 2007.

/s/ Christopher Birkle
Lovell Law Firm, P.C.
P.O. Box 1415
Billings, Montana 59103
Phone: (406) 256-9300
Fax: (406) 256-9301

Attorneys for Plaintiff
South Seattle Auto Auction

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 15th day of December, 2006, a copy of this motion was served upon counsel of record by the following method:

| 1,2,4, 5 | CM/ECF |
| _____ | Hand Delivery |
| ___3___ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clarke B. Rice
   2951 King Avenue West
   Billings, MT 59102

2. William L. Needler
   William L. Needles and Associates
   555 Skokie Blvd. Ste. 500
   Northbrook, IL 60062

3. Nick Gutierrez
   Incredible Auto Sales, LLC
   1832 King Avenue West
   Billings, MT 59102

4. Neal Jensen
   U.S. Trustee
   Liberty Center, Ste. 204
   301 Central Avenue
   P.O. Box 3509
   Great Falls, MT 59403

5. Charles W. Hingle
   Shane Coleman
   P.O. Box 639
   Billings, MT 59103-0639

/s/ Christopher Birkle
Attorney for South Seattle Auto Auction